## Cummings Estate

*John H. Auld II*, for executor.
*Zeno Fritz*, for widow.
*Charles M. Thorp, III*, for exceptants.

OPINION BY EUNICE ROSS, J., JAN. 28, 1980:

The residuary legatees under the last will and testament of John M. Cummings, deceased, filed exceptions alleging error in the court's opinion and decree of November 20, 1979, wherein the court held that decedent failed to fulfill an obligation arising from an antenuptial agreement between decedent and his surviving spouse. Exceptants request that the court vacate the surviving spouse's election to take against the will.

The facts are undisputed. On November 16, 1974, in anticipation of their forthcoming marriage, John M. Cummings (the decedent) and Elizabeth Shields, now Cummings, the surviving spouse, entered into an antenuptial agreement. In return for her agreement to waive and relinquish any and all claims to which she would be entitled upon the death of her husband, the decedent agreed in paragraph 5:

> "5. The party of the first part [decedent] covenants and agrees that he will, by last will and testament, provide a trust fund in the amount of not less than $30,000 with a provision that the income therefrom will be paid to the party of the second part (his widow) for and during the term of her natural life . . ."

John M. Cummings died testate on August 3, 1978. His last will and testament, dated November 4, 1975, which was probated, provides in part:

> "Fifth: I give and bequeath all my stock in Duquesne Light Company to my wife, Elizabeth Cummings, for and during the term

of her natural life and upon her death the stock to be divided in accordance with my residuary clause hereinafter contained . . ."

Elizabeth S. Cummings, the surviving spouse has filed an election to take against the will which election the exceptants seek to vacate.

The issue before the court is whether the decedent's will fulfills the obligation of decedent as outlined in paragraph 5 of the antenuptial agreement. The court is of the opinion that it does not.

In his last will and testament the decedent provided for his spouse by giving her a life estate in all his Duquesne Light Company stock which at his death consisted of 300 shares of 8.64% preferred stock. The stock dividends provide an annual income of approximately $2,592. The stock itself is valued at $29,440.

The exceptants contend that the practical effect of decedent's will is that it is equivalent to the obligation set out in the antenuptial agreement, i.e., the creation of a trust fund for his spouse with a minimum principal of $30,000. However, this position is without merit. The creation of a life estate (if there is no power in the life tenant to consume principal, Probate, Estates and Fiduciaries Code, §6113, 20 Pa. C.S.A. 6113) is not the equivalent of a trust. The *Restatement of Trusts, 2d,* §16 (c) states:

"Where property is transferred to one person for life with remainder to another, no trust, is created."

A trust imports a fiduciary relationship on the part of the trustee as to the cestuis in dealing with principal and income with powers to sell, invest or reinvest trust principal. The widow was given no such powers under the will.

It is impossible for the widow to increase the *income potential* of the fund granted her or to change the investment. Had decedent complied with the agreement, a trust fund of a minimum of $30,000 would have been available and it might have been invested in ways so as to produce an income greater than that earned by the stock. While income may in fact be high here, the issue is not what has occurred but rather the lack of flexibility in the trustee who can neither maximize the fund nor increase its income potential.

It is without question that when one assumes obligations

under an antenuptial agreement, substitute performance is not acceptable and actual performance under the agreement is required. As the court noted in *Harrison Est.*, 456 Pa. 356:

> "When a party to an antenuptial agreement fails to perform his promises, consideration for the agreement fails, and the survivor may claim her statutory rights . . .
>
> ". . .
>
> "When parties attempt by antenuptial agreement to surrender such significant rights our cases as well as compelling public policy considerations require full and exact performance of each provision of the agreement."

In the present situation the agreement provided for a minimum trust fund of $30,000. The value of the stock is slightly less than that amount but even if it were more there has not been performance of the agreement. The gift of the stock was specific—"all my stock": *Rice Est.*, 58 D.&C.2d 488, 489, 492. Thus, there might have been no Duquesne Light stock or its proceeds in decedent's estate at his death and by reason of the ademption his widow would have received nothing regardless of the value of the rest of his estate.

Decedent did not fullfill his promise to create a trust of at least $30,000 and this did not comply with a material provision of the agreement. There is a failure of consideration promised and the surviving spouse is entitled to her statutory right to elect to take against the will. See *Harrison Estate*, supra.

The exceptions must be dismissed.